*unsealed 2/21/08 aye*

~~SECRET~~

2008 FEB 19  PM 4:40

_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury   **'08 CR 0440BTM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. _____ |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Secs. 1956(a)(1)(B)(i) and (h) – Conspiracy to Launder Monetary Instruments; Title 18, U.S.C., Sec. 1956(a)(1)(B)(i) – Laundering Money; Title 31, U.S.C., Secs. 5324(a)(3), and Title 18, U.S.C., Sec. 371 – Conspiracy and Structuring Financial Transactions; Title 31, U.S.C., Secs. 5324(a)(3) and (d)(2) – Structuring Financial Transactions; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Sec. 982, and Title 31, U.S.C., Sec. 5317(c)(1) – Criminal Forfeiture |
| PETER CARLO MERTENS (1), WAYNE JOSEPH FERNANDES (2), WILLIAM HAMMAN (3), BETTINA THAKORE (4), | |
| Defendants. | |

The grand jury charges:

<u>Count 1</u>

1.   At times material to this Indictment:

a.   Defendant PETER CARLO MERTENS was the President, Owner, Operator, Manager, and Executive of Diamond Golf Company, Inc., Diamond Golf, and Cal State Abrasives, located in San Diego County, California.

SWH:nlv(2):San Diego
2/15/08

*aye*

        b.    Matthew Hausotter, charged elsewhere, was an associate and employee of defendant PETER CARLO MERTENS and Diamond Golf Company, Inc., and Diamond Golf.

        c.    Ian Mahon, charged elsewhere, was a drug trafficker who had substantial cash proceeds from manufacturing marijuana plants and distributing marijuana.

        d.    Between February 2003 to September 2004, defendant WAYNE JOSEPH FERNANDES was an accountant and/or bookkeeper, for defendant PETER MERTENS' companies, including Diamond Golf Company, Inc., and Diamond Golf, located in San Diego County, California. Defendant WAYNE JOSEPH FERNANDES signed and issued business checks on behalf of defendant PETER MERTENS' companies, including Diamond Golf Company, Inc., Diamond Golf, PMS, and PITAH.

        e.    From 2001 to March 2005, defendant WILLIAM HAMMAN worked for defendant PETER MERTENS' companies, including Diamond Golf Company, Inc., and Diamond Golf, between September 2004 to March 2005, defendant WILLIAM HAMMAN worked as an accountant and/or bookkeeper for defendant PETER MERTENS and his companies. Defendant WILLIAM HAMMAN signed and issued business checks on behalf of defendant PETER MERTENS' companies, including Diamond Golf Company, Inc., Diamond Golf, PMS, and PITAH.

    2.    Beginning at an unknown date and continuing up to and including July 2005, within the Southern District of California and elsewhere, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and WILLIAM HAMMAN did knowingly and intentionally conspire with each other and with others known, including Ian Mahon and Matthew Hausotter, both charged elsewhere, and unknown to the grand jury, to conduct financial transactions affecting interstate commerce, that is,

2

the issuance of business checks payable to Ian Mahon or Mahon and Company, by Diamond Golf, Inc., that were drawn on one or more financial institutions, namely Wells Fargo bank, which involved the proceeds of specified unlawful activity, that is, the felonious manufacturing of a controlled substance, namely marijuana plants, and distribution of a controlled substance, namely marijuana, punishable under the laws of the United States, knowing that these transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>Methods and Means</u>

3.    As part of and to facilitate the charged conspiracy, the conspirators, both named and unnamed, did utilize the following methods and means, among others:

a.    Pursuant to the agreement of defendant PETER CARLO MERTENS, Matthew Hausotter, charged elsewhere, would obtain substantial bulk cash (between $10,000.00 and $30,000.00 at a time), which represented drug proceeds, from Ian Mahon.  Matthew Haustotter would deliver substantial bulk cash to defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and/or WILLIAM HAMMAN approximately each month from February 2003 and continuing to July 2005. At the direction of defendant PETER CARLO MERTENS, Matthew Hausotter would deliver Ian Mahon's cash proceeds to defendants WAYNE JOSEPH FERNANDES or WILLIAM HAMMAN, the accountants or bookkeepers, at Diamond Golf Company, Inc., or Diamond Golf, a company managed and operated by defendant PETER

3

CARLO MERTENS, in exchange for business checks in the name of Diamond Golf, Inc., or Diamond Golf, payable to Ian Mahon or Mahon and Company, for the value of the cash, minus a 7% money laundering fee. At the direction of defendants WAYNE JOSEPH FERNANDES or WILLIAM HAMMAN, Matthew Hausotter would instruct Ian Mahon when to deposit these Diamond Golf business checks into Ian Mahon's bank account at Bank of America, a financial institution.

   b. Defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and WILLIAM HAMMAN would cause and authorize the issuance of these business checks drawn on the Wells Fargo bank accounts of Diamond Golf Company, Inc. and Diamond Golf to Ian Mahon or Mahon and Company.

   c. Defendant PETER CARLO MERTENS would also cause, direct, and authorize the issuance of IRS Forms 1099-MISC to the Internal Revenue Service and to Ian Mahon for calendar years 2003 and 2004. In 2003, defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES would cause the issuance of the IRS Form 1099-MISC for Ian Mahon in the amount of $112,575.00 as "non employee compensation" with the payer name as Cal State Abrasives, LLC, one of the companies owned and operated by defendant PETER CARLO MERTENS. In 2004, defendants PETER CARLO MERTENS and WILLIAM HAMMAN would cause the issuance of the IRS Form 1099-MISC for Mahon and Company in the amount of $186,000.00 as "other income" with the payer name as Diamond Golf Company, one of the companies owned and operated by defendant PETER CARLO MERTENS.

   d. In order to further conceal and disguise the criminal proceeds, defendant PETER CARLO MERTENS would claim that Ian Mahon worked for Diamond Golf Company, Inc. and Diamond Golf as an independent contractor or consultant when, in fact, Ian Mahon never worked for defendant PETER CARLO MERTENS or any of defendant PETER

4

CARLO MERTENS' companies, including Cal State Abrasives, LLC, Diamond Golf Company, Inc., and Diamond Golf.

e. In order to further conceal and disguise the criminal proceeds, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES and WILLIAM HAMMAN, would structure and cause to be structured their financial transactions by dividing large sums of bulk cash from Ian Mahon into smaller sums of less than $10,000.00, and depositing or cause to be deposited these smaller sums of cash in separate financial transactions over a period of time into multiple business and personal bank accounts associated with defendant PETER CARLO MERTENS.

All in violation of Title 18, Unites States Code, Section 1956(h).

## Counts 2-31

### MONEY LAUNDERING

1. The allegations made in paragraph 1 of Count 1 are restated and incorporated herein by reference.

2. On or about the following dates, within the Southern District of California, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES and WILLIAM HAMMAN, and others, including Matthew Hausotter and Ian Mahon, both charged elsewhere, knowingly conducted and attempted to conduct financial transactions affecting interstate commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which transactions involved the proceeds of manufacturing marijuana plants and distribution of marijuana, in violation of Title 21, United States Code, Section 841(a)(1), and knowing that each of the transactions was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

5

| Count | Date of Check | Transaction |
|-------|---------------|-------------|
| 2 | 2/14/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1005) in the amount of $9,350.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Ian Mahon |
| 3 | 2/28/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1006) in the amount of $9,350.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Ian Mahon |
| 4 | 3/20/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1011) in the amount of $9,350.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Ian Mahon |
| 5 | 4/4/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1013) in the amount of $9,350.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 6 | 4/25/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1020) in the amount of $9,350.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 7 | 6/6/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1066) in the amount of $9,350.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 8 | 6/17/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1082) in the amount of $5,475.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |

| Count | Date of Check | Transaction |
|-------|---------------|-------------|
| 9 | 7/16/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1125) in the amount of $4,650.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 10 | 8/1/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1173) in the amount of $9,250.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 11 | 8/15/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1196) in the amount of $9,250.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 12 | 9/10/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#1240) in the amount of $9,300.00 drawn on Diamond Golf Company, Inc.'s Wells Fargo Bank Account (311-7680029) to Mahon and Company |
| 13 | 12/2/2003 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4073) in the amount of $9,350.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 14 | 1/6/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4147) in the amount of $9,300.00 drawn on Diamond Golfs' Fargo Bank Account (311-7680033) to Mahon and Company |
| 15 | 2/6/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4185) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |

| Count | Date of Check | Transaction |
|-------|---------------|-------------|
| 16 | 3/8/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4232) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 17 | 4/15/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4338) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 18 | 5/15/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4339) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 19 | 6/15/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4364) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 20 | 7/21/2004 | Defendants PETER CARLO MERTENS and WAYNE JOSEPH FERNANDES caused the issuance of a business check (#4398) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 21 | 8/20/2004 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4409) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 22 | 9/15/2004 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4422) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |

| Count | Date of Check | Transaction |
|-------|---------------|-------------|
| 23 | 10/15/2004 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4425) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 24 | 11/15/2004 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4430) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 25 | 12/15/2004 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4438) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 26 | 1/15/2005 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4442) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 27 | 2/15/2005 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4451) in the amount of $18,600.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 28 | 3/15/2005 | Defendants PETER CARLO MERTENS and WILLIAM HAMMAN caused the issuance of a business check (#4455) in the amount of $27,900.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 29 | 4/13/2005 | Defendant PETER CARLO MERTENS caused the issuance of a business check (#4467) in the amount of $27,900.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |
| 30 | 6/9/2005 | Defendant PETER CARLO MERTENS caused the issuance of a business check (#4471) in the amount of $27,900.00 drawn on Diamond Golf's Wells Fargo Bank Account (311-7680033) to Mahon and Company |

| Count | Date of Check | Transaction |
|-------|---------------|-------------|
| 31 | 6/15/2005 | Defendant PETER CARLO MERTENS caused the issuance of a business check (#4500) in the amount of $27,900.00 drawn on Diamond Golf's Well Fargo Bank Account (311-7680033) to Mahon and Company |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 2.

Count 32

1.    At times material to this Indictment:

a.    A financial institution was required to file a Currency Transaction Report (CTR) with the Internal Revenue Service for each deposit, withdrawal, exchange of currency or other payment or transfer, by, through or to such financial institution which involves a transaction in currency of more than $10,000.00.

b.    A CTR required, among other information, the name, address, social security number and document verifying the identity of the person who conducted the transaction, as well as the name, address, social security number and occupation of the person on whose behalf the transaction was conducted.

c.    A person "structures" a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000.00 into smaller sums, including sums at or below $10,000.00, or the conduct of a transaction, or series of currency transactions, including

10

transactions at or below $10,000.00. The transaction or transactions need not exceed the $10,000.00 reporting threshold at any single financial institution on any single day in order to constitute structuring.

        d.   On or about December 13, 2002, defendant PETER CARLO MERTENS opened and caused to be opened bank account number (3177680029) at Wells Fargo Bank in the name of Diamond Golf Company, Inc., a company owned, operated, and managed by defendant PETER CARLO MERTENS. Defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and WILLIAM HAMMAN were authorized signatures on that business account.

        e.   On or about July 30, 2003, defendant PETER CARLO MERTENS opened and caused to be opened bank account number (9686708208) at Wells Fargo Bank in the name of PMS, LLC., a company owned, operated, and managed by defendant PETER CARLO MERTENS. Defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and WILLIAM HAMMAN were authorized signatures on that business account.

        f.   On or about August 8, 2003, defendant PETER CARLO MERTENS opened and caused to be opened bank account number (9686708158) at Wells Fargo Bank in the name of PITAH, LLC., a company owned, operated, and managed by defendant PETER CARLO MERTENS. Defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and WILLIAM HAMMAN were authorized signatures on that business account.

        g.   On or about September 24, 2003, defendant PETER CARLO MERTENS opened and caused to be opened bank account number (3117679633) at Wells Fargo Bank in the name of Diamond Golf, DBA Diamante Golf, a company owned, operated, and managed by defendant PETER CARLO MERTENS. Defendants PETER CARLO MERTENS, WAYNE JOSEPH

1  FERNANDES, and WILLIAM HAMMAN were authorized signatures on that
2  business account.

3          h.   During the period of February 2003 to July 2005,
4  defendant BETTINA THAKORE maintained a checking bank account number
5  (3625703180) at Wells Fargo Bank. Defendant BETTINA THAKORE was the
6  sole account holder and authorized signer on that checking account.

7          i.   On or about May 5, 2004, defendant BETTINA THAKORE
8  opened savings bank account number (8428213840) at Wells Fargo Bank.
9  Defendant BETTINA THAKORE was the sole account holder and authorized
10  signer on that savings account.

11          j.   During the period of February 2003 to July 2004,
12  defendant WAYNE JOSEPH FERNANDES maintained a bank account number
13  (4760003854) at Union Bank of California. Defendant WAYNE JOSEPH
14  FERNANDES was an authorized signer on that account.

15      2.   Beginning in or about February 2003, and continuing up to
16  and including in or about July 2005, within the Southern District of
17  California and elsewhere, defendants PETER CARLO MERTENS, WAYNE JOSEPH
18  FERNANDES, WILLIAM HAMMAN, and BETTINA THAKORE, knowingly and for the
19  purpose of evading the reporting requirements of Title 31, United
20  States Code, Section 5313(a), and the regulations prescribed
21  thereunder, did conspire and agree with each other and with others
22  known and unknown to the grand jury to structure and assist in
23  structuring transactions with one or more domestic financial
24  institutions; in violation of Title 31, United States Code,
25  Section 5324(a)(3).

26  //
27  //
28  //

                                12

<u>OVERT ACTS</u>

3.  In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California:

    a.  On or about July 30, 2003, defendant PETER CARLO MERTENS, as the owner, operator, manager, and executive officer of PMS, LLC., caused to be opened bank account number (9686708208) at Wells Fargo Bank in the name of PMS, LLC.

    b.  On or about August 8, 2003, defendant PETER CARLO MERTENS, as the owner, operator, manager, and executive officer of PITAH LLC., caused to be opened bank account number (9686708158) at Wells Fargo Bank in the name of PITAH, LLC.

    c.  On or about September 24, 2003, defendant PETER CARLO MERTENS, as the owner, operator, manager, and executive officer of Diamond Golf caused to be opened bank account number (3117679633) at Wells Fargo Bank in the name of Diamond Golf.

    d.  Between February 2003 to July 2005, defendant BETTINA THAKORE maintained a checking bank account number (3625703180) at Wells Fargo Bank.

    e.  On or about May 5, 2004, defendant BETTINA THAKORE opened savings bank account number (8428213840) at Wells Fargo Bank.

//

//

//

f.   Between February 2003 to July 2004, WAYNE JOSEPH FERNANDES, an accountant and bookkeeper for defendant PETER CARLO MERTENS' companies, maintained a bank account number (4760003854) at Union Bank of California.

All in violation of Title 18, United States Code, Section 371.

<u>Count 33</u>

1.   The allegations made in paragraph 1 of Count 31 are restated and incorporated herein by reference.

2.   Beginning at a date unknown and continuing through June 2004, within the Southern District of California, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and BETTINA THAKORE, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring of a transaction, with one or more domestic financial institutions, as set forth below, as part of a pattern of illegal activity involving more than $100,000.00 in a 12-month period, as more particularly described below:

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|-----------------------|----------------|----------------|
| 5/17/04 | 3,600 | Wells Fargo | Bettina Thakore | 8428213840 |
| 5/17/04 | 9,900 | Wells Fargo | Diamond Golf | 3117679633 |
| 5/17/04 | 9,800 | Wells Fargo | PITAH LLC | 9686708158 |
| 5/17/04 | 9,900 | Wells Fargo | PMS LLC | 9686708208 |
| 5/18/04 | 9,900 | Wells Fargo | Diamond Golf | 3117679633 |
| 5/18/04 | 9,900 | Wells Fargo | PITAH LLC | 9686708158 |
| 5/18/04 | 9,900 | Wells Fargo | PMS LLC | 9686708208 |
| 5/19/04 | 9,000 | Union Bank | Wayne Fernandes | 4760003854 |
| 5/19/04 | 5,000 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/24/04 | 3,000 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/24/04 | 4,500 | Wells Fargo | Bettina Thakore | 8428213840 |
| 5/25/04 | 5,000 | Wells Fargo | Diamond Golf | 3117679633 |
| 5/25/04 | 4,400 | Union Bank | Wayne Fernandes | 4760003854 |
| 5/27/04 | 4,000 | Wells Fargo | PITAH LLC | 9686708158 |

14

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|----------------------|----------------|----------------|
| 5/29/04 | 5,000 | Union Bank | Wayne Fernandes | 4760003854 |
| 6/1/04 | 6,000 | Wells Fargo | PMS LLC | 9686708208 |
| 6/2/04 | 3,500 | Wells Fargo | Diamond Golf | 3117679633 |
| 6/2/04 | 4,500 | Union Bank | Wayne Fernandes | 4760003854 |
| 6/3/04 | 2,000 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/3/04 | 2,900 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/3/04 | 5,900 | Wells Fargo | Bettina Thakore | 8428213840 |
| 6/4/04 | 5,000 | Wells Fargo | Bettina Thakore | 8428213840 |
| 6/7/04 | 2,500 | Union Bank | Wayne Fernandes | 4760003854 |
| 6/7/04 | 7,500 | Wells Fargo | PMS LLC | 9686708208 |
| 6/8/04 | 4,000 | Union Bank | Wayne Fernandes | 4760003854 |
| 6/8/04 | 2,000 | Wells Fargo | Diamond Golf | 3117679633 |
| 6/10/04 | 8,000 | Wells Fargo | PITAH LLC | 9686708158 |
| 6/11/04 | 8,000 | Union Bank | Wayne Fernandes | 4760003854 |
| 6/30/04 | 5,500 | Union Bank | Wayne Fernandes | 4760003854 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

Count 34

1.    The allegations made in paragraph 1 of Count 32 are restated and incorporated herein by reference.

2.    In July 2004, within the Southern District of California, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and BETTINA THAKORE, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring, of a transaction, with one or more domestic financial institutions, as set forth below, as part of a pattern of illegal activity involving more than $100,000.00 in a 12-month period, as more particularly described below:

//

//

//

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------|------|------|------|
| 7/26/04 | 5,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/26/04 | 1,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/28/04 | 3,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/28/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/28/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/30/04 | 1,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/30/04 | 1,200.00 | Wells Fargo | Bettina Thakore | 3625703180 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

<u>Count 35</u>

1.    The allegations made in paragraph 1 of Count 32 are restated and incorporated herein by reference.

2.    In August 2004, within the Southern District of California, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and BETTINA THAKORE, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring, of a transaction, with one or more domestic financial institutions, as set forth below, as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, as more particularly described below:

//

//

//

//

//

//

//

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|------------------------|-----------------|----------------|
| 8/28/04 | 1,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/28/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/28/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/28/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/28/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/31/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/31/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/31/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 8/31/04 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

Count 36

1.    The allegations made in paragraph 1 of Count 32 are restated and incorporated herein by reference.

2.    In November 2004, within the Southern District of California, defendants PETER CARLO MERTENS and WILLIAM HAMMAN, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring of a transaction, with one or more domestic financial institutions, as set forth below, as part of a pattern of illegal activity involving more than $100,000.00 in a 12-month period, as more particularly described below:

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|------------------------|-----------------|----------------|
| 11/8/04 | 5,000.00 | Wells Fargo | Diamond Golf | 3117679633 |
| 11/10/04 | 4,500.00 | Wells Fargo | Diamond Golf | 3117679633 |
| 11/15/04 | 5,000.00 | Wells Fargo | Diamond Golf | 3117679633 |
| 11/17/04 | 4,600.00 | Wells Fargo | Diamond Golf | 3117679633 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

<u>Count 37</u>

1.   The allegations made in paragraph 1 of Count 32 are restated and incorporated herein by reference.

2.   In February 2005, within the Southern District of California, defendants PETER CARLO MERTENS and WILLIAM HAMMAN, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring, of a transaction, with one or more domestic financial institutions, as set forth below, as part of a pattern of illegal activity involving more than $100,000.00 in a 12-month period, as more particularly described below:

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|-----------------------|----------------|----------------|
| 2/7/05 | 6,000.00 | Wells Fargo | Diamond Golf | 3117679633 |
| 2/9/05 | 3,400.00 | Wells Fargo | Diamond Golf | 3117679633 |
| 2/14/05 | 6,600.00 | Wells Fargo | Diamond Golf | 3117679633 |
| 2/15/05 | 2,700.00 | Wells Fargo | Diamond Golf | 3117679633 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

<u>Count 38</u>

1.   The allegations made in paragraph 1 of Count 32 are restated and incorporated herein by reference.

2.   From April 2005 to May 10, 2005, within the Southern District of California, defendants PETER CARLO MERTENS and BETTINA THAKORE, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring,

1  of a transaction, with one or more domestic financial institutions,

2  as set forth below, as part of a pattern of illegal activity involving

3  more than $100,000.00 in a 12-month period, as more particularly

4  described below:

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|---|---|---|---|---|
| 4/18/05 | 2,003.00 | Wells Fargo | PITAH LLC | 9686708158 |
| 4/19/05 | 2,400.00 | Wells Fargo | PITAH LLC | 9686708158 |
| 4/19/05 | 2,007.00 | Wells Fargo | PITAH LLC | 9686708158 |
| 4/22/05 | 2,000.07 | Wells Fargo | PITAH LLC | 9686708158 |
| 5/5/05 | 2,500.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/5/05 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/9/05 | 3,012.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/9/05 | 3,003.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/9/05 | 3,020.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/10/05 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 5/10/05 | 2,000.00 | Wells Fargo | Bettina Thakore | 8428213840 |

13  All in violation of Title 31, United States Code, Sections 5324(a)(3)

14  and (d)(2), and Title 18, United States Code, Section 2.

15                              Count 39

16      1.    The allegations made in paragraph 1 of Count 32 are restated

17  and incorporated herein by reference.

18      2.    In June 2005, within the Southern District of California,

19  defendants PETER CARLO MERTENS and BETTINA THAKORE, knowingly and for

20  the purpose of evading the reporting requirements of Title 31, United

21  States Code, Section 5313(a), and the regulations promulgated

22  thereunder, did structure, assist in the structuring, and attempt to

23  structure and assist in the structuring, of a transaction, with one

24  or more domestic financial institutions, as set forth below, as part

25  of a pattern of illegal activity involving more than $100,000.00 in

26  a 12-month period, as more particularly described below:

27  //

28  //

19

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|-----------------------|----------------|----------------|
| 6/1/05 | 2,800.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/1/05 | 2,300.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/1/05 | 2,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/2/05 | 1,300.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/5/05 | 2,000.00 | Wells Fargo | Bettina Thakore | 8428213840 |
| 6/5/05 | 3,400.00 | Wells Fargo | Bettina Thakore | 8428213840 |
| 6/5/05 | 3,200.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/5/05 | 2,900.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/5/05 | 2,500.00 | Wells Fargo | Bettina Thakore | 3625703180 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

<u>Count 40</u>

1.    The allegations made in paragraph 1 of Count 32 are restated and incorporated herein by reference.

2.    From June 2005, to July 5, 2005, within the Southern District of California, defendants PETER CARLO MERTENS and BETTINA THAKORE, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in the structuring, and attempt to structure and assist in the structuring, of a transaction, with one or more domestic financial institutions, as set forth below, as part of a pattern of illegal activity involving more than $100,000.00 in a 12-month period, as more particularly described below:

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|------------------------|-----------------------|----------------|----------------|
| 6/16/05 | 2,500.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/16/05 | 1,000.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/27/05 | 3,020.00 | Wells Fargo | Bettina Thakore | 8428213840 |
| 6/27/05 | 3,609.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/29/05 | 2,070.00 | Wells Fargo | Bettina Thakore | 8428213840 |
| 6/29/05 | 2,800.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/29/05 | 2,500.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 6/29/05 | 1,906.00 | Wells Fargo | Bettina Thakore | 3625703180 |

| DATE | AMOUNT OF CASH DEPOSIT | FINANCIAL INSTITUTION | ACCOUNT HOLDER | ACCOUNT NUMBER |
|------|----------|----------|----------|----------|
| 6/30/05 | 2,400.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/5/05 | 3,200.00 | Wells Fargo | Bettina Thakore | 3625703180 |
| 7/5/05 | 2,306.00 | Wells Fargo | Bettina Thakore | 3625703180 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATIONS

A.    MONEY LAUNDERING OFFENSE

As a result of committing the offenses charged in Counts 1-31 of this indictment, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, and WILLIAM HAMMAN, shall, pursuant to Title 18, United States Code, Section 982(a)(1), forfeit to the United States all property, real and personal, involved in the aforesaid offense and all property traceable to such property, including but not limited to the following:

1.    $500,000.00 in United States currency, in that such sum in aggregate is property which was involved in the aforesaid offense, for which the defendants are jointly and severally liable.

2.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

        a.    Cannot be located upon the exercise of due diligence;

        b.    Has been transferred or sold to, or deposited with, a third person;

        c.    Has been placed beyond the jurisdiction of this Court;

        d.    Has been substantially diminished in value; or

        e.    Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

  B. <u>STRUCTURING AND CURRENCY REPORTING OFFENSES</u>

  As a result of committing the offenses charged in Counts 32-40, defendants PETER CARLO MERTENS, WAYNE JOSEPH FERNANDES, WILLIAM HAMMAN, and BETTINA THAKORE shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), all property, real and personal, involved in the aforestated offenses and all property traceable to such property, including but not limited to the following:

  1. $500,000.00 in United States currency, in that such sum in aggregate is property which was involved in the aforesaid offense, for which the defendants are jointly and severally liable.

  If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of this Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

//
//
//
//

22

1  it is the intent of the United States, pursuant to Title 31,
2  United States Code, Section 5317(c)(1)(B), and Title 21, United States
3  Code, Section 853(p), to seek forfeiture of any other property of said
4  defendants up to the value of the above forfeitable property.
5       DATED: February 19, 2008.
6                                          A TRUE BILL:
7
8                                          _____
9                                          Foreperson
10 KAREN P. HEWITT
   United States Attorney
11
12 By: _____
       SHERRI WALKER HOBSON
13     Assistant U.S. Attorney
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28