1  THE LAW OFFICES OF DORN G. BISHOP, APC
   DORN G. BISHOP (SB#147994)
2  525 B Street, Suite 1500
   San Diego, California 92101
3  Telephone: (619) 858-4768

4  Attorneys for Defendant
   WAYNE JOSEPH FERNANDES

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE BARRY TED MOSKOWITZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER CARLO MERTENS (1),<br>WAYNE JOSEPH FERNANDES (2),<br>WILLIAM HAMMAN (3), and<br>BETTINA THAKORE (4).<br><br>Defendants. | CASE NO.: 08CR0440-BTM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WAYNE JOSEPH FERNANDES' NOTICE OF MOTIONS AND MOTIONS (1) FOR 60-DAY CONTINUANCE; (2) TO COMPEL FURTHER DISCOVERY; (3) FOR LEAVE TO FILE FUTURE SEVERANCE MOTION AND OTHER MOTIONS, IF NECESSARY**<br><br>**Date: September 19, 2008**<br>**Time: 2:00 p.m.** |

Defendant Wayne Joseph Fernandes submits the following memorandum of points and authorities in support of his motions (1) for a 60-day continuance of the June 20, 2008 motions hearing; (2) to compel further discovery from the Government; and (3) for leave to file future motions, including but not limited to a possible motion to sever his trial, depending on the contents of such discovery.

**I.**

**THE COURT SHOULD GRANT A 60-DAY CONTINUANCE**

The Government produced approximately 1700 pages of discovery in mid-March and another 200 pages of discovery in late May. Based on counsel's review of that discovery, it appears that the Government is gathering and producing other items of discovery, including but not limited to taped statements by Mr. Fernandes and other defendants, the first session of defendant William Hamman's grand jury testimony, and additional statements provided to Government officials by two confidential informants.

Counsel anticipates that most, if not all, discovery issues can be resolved without the need for court involvement. In addition, counsel expects that receipt of these materials may curtail the need to file certain substantive motions. However, until counsel has received all of the defendants' statements and other required items of discovery, counsel will not be in a position to file whatever pre-trial motions will be needed. For this reason, Mr. Fernandes suggests and respectfully requests that the Court continue the hearing in this matter for an additional sixty (60) days. In light of the defendants' pending discovery motions, and the parties ongoing, diligent attempts to resolve those motions informally, Mr. Fernandes believes that there is ample basis for the Court to find excludable time.

Furthermore, on June 2, 2008, the United States Supreme Court issued two significant rulings regarding the Government's burden of proof in money laundering cases. First, in *United States v. Santos*, No. 06-1005, __ U.S. __ (June 2, 2008), the Court ruled that the term "proceeds" as used in the federal money-laundering statute, 18 U.S.C. § 1956, requires the Government to prove that a defendant participated in a transaction that involved criminal ***profits***, not just criminal receipts. Second, in *Cuellar v. United States*, No. 06-1456, __ U.S. __ (June 2,

2008), the Court ruled that merely hiding drug money while transporting it was insufficient to satisfy the money laundering statute's requirement that the transportation be intended to disguise the "nature, location, the source, the ownership or the control" of the funds. 18 U.S.C. § 1956(a)(2)(b)(I).

Counsel requires the opportunity to review the Government's additional discovery before counsel can adequately determine whether and to what extent the Supreme Court's rulings in these two new cases bear upon the Government's allegations against Mr. Fernandes. For this reason as well, counsel respectfully submits that a 60-day continuance is appropriate.

## II.

## THE GOVERNMENT SHOULD BE ORDERED TO PRODUCE ADDITIONAL REQUIRED DISCOVERY

As noted above, Mr. Fernandes anticipates that most, if not all, discovery issues can be resolved with the Government during the next 60 days. However, in the event that the Court is unwilling to grant such a continuance, Mr. Fernandes respectfully requests that the Court order the Government promptly to produce all required discovery, as listed more specifically in the pending discovery motion filed by defendant William Hamman (joined in by Mr. Fernandes and the other defendants). Counsel anticipates meeting and conferring with the Government further between now and the scheduled September 19, 2008 hearing in this matter. To the extent that there remain specific discovery disputes requiring judicial resolution, counsel will be prepared to address those with the Court at that time.

### III.

### MR. FERNANDES REQUESTS LEAVE TO FILE A FUTURE MOTION TO SEVER AND OTHER MOTIONS, AS NECESSARY

Under Rule 14 of the Federal Rules of Criminal Procedure, "If the joinder of…defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Granting or denying a severance motion is within the sole discretion of the court. Thus, although Rule 8 of the Federal Rules of Criminal Procedure states that an indictment "may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," Rule 14 allows a defendant to move for severance if the defendant risks suffering significant prejudice from a joint trial. A party waives any right he might have had to a severance by failing to request it pre-trial. Fed. R. Crim. Pro. 12(b)(3).

The Government has yet to produce all written and recorded statements in its possession allegedly made by defendants and other alleged co-conspirators. The Government has also apparently not yet produced Jencks Act material, or *Brady* information. Nonetheless, preliminary review of the discovery produced by the Government to date indicates that there are many hearsay statements of confidential informants and Mr. Fernandes' co-defendants that would be inadmissible against Mr. Fernandes in a separate trial. There are also several hearsay statements concerning defendant Mertens' alleged knowledge that monies being provided by Ian Mahon were related to drug transactions, although there is no direct evidence that Mr. Fernandes ever had any such knowledge. Such highly prejudicial "spill over" evidence would also be inadmissible in a separate trial of Mr. Fernandes. Furthermore, Mr. Fernandes' co-defendants may well be able to provide favorable trial testimony that could potentially exonerate him of the Government's charges. Such testimony, however, would be impossible to obtain in a joint trial where the other defendants could elect not to testify.

Because the Government has yet to produce all required discovery, Mr. Fernandes has not had an adequate opportunity to determine whether a motion to sever is appropriate. Furthermore,

1  new discovery might contain additional information relevant to the issue of severance, making a
2  motion to sever premature at this time.  For these reasons, Mr. Fernandes requests leave to move
3  for a severance of his case, pursuant to Rule 14 of the Federal Rules of Criminal Procedure,
4  should it become apparent that such a motion is warranted based upon a full review of all
5  discovery materials to be provided by the Government.  Mr. Fernandes also respectfully renews
6  his request for leave to file any other motions that may be warranted based upon such discovery.

7  DATED: September 5, 2008                Respectfully submitted,

8                                                      THE LAW OFFICES OF DORN G. BISHOP, APC

10                                                     By:   /s/Dorn G. Bishop
                                                           Dorn G. Bishop
                                                   Attorneys for Defendant Wayne Joseph Fernandes